MATTHEW D. METZGER (#240437)
mmetzger@belvederelegal.com
**BELVEDERE LEGAL, PC**
1777 Borel Place, Ste 314
San Mateo, CA 94402
t. (415) 513-5980
f. (415) 513-5985
e. mmetzger@belvederelegal.com

Proposed Attorney for Debtor-in-Possession
Red Bay Coffee Company, Inc.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>**RED BAY COFFEE COMPANY, INC.**<br>   *f/k/a* **Red Bay Coffee Company LLC**<br><br>EIN 46-5183215<br><br>Debtor. | Case No. 24-41317 WJL 11<br><br>**Chapter 11**<br><br>**DECLARATION OF MATTHEW D. METZGER IN SUPPORT OF APPLICATION TO EMPLOY COUNSEL**<br><br>**Date:**<br>**Time:**<br>**Place:** In person, with option to appear via Zoom Webinar/AT&T Teleconference<br>1300 Clay Street,<br>Courtroom 220<br>Oakland, CA 94612<br><br>**Judge:** Hon. William J. Lafferty, III |

I, Matthew D. Metzger, declare as follows:

1. I am an attorney admitted to practice law in this in the State of California and before this Court. I make this declaration in support of the Application to Employ Counsel (the

Application"). The matters stated below are made and based upon my personal knowledge, except for those matters stated upon information and belief, and as to those matters, I believe them to be true. If called as a witness, I could and would testify to the matters as set forth below.

2. I am the principal of the Belvedere Legal, a Professional Corporation (the "Firm"). The Firm is proposed general bankruptcy counsel for the bankruptcy estate of Red Bay Coffee Company, Inc. the Debtor-in-Possession, (the "Debtor" and/or "RBCC" or "Red Bay Coffee").

3. I have prior experience prosecuting chapter 11 cases and confirming chapter 11 plans in the San Francisco, Oakland, and San Jose Divisions of the Northern District of California, as well as the Northern Division of the Central District of California.

4. Subject to further order of this Court, and without being exhaustive, the Firm proposes to render the following types of legal services to Debtor during the course of this Chapter 11 case:

   a. To advise and represent Debtor to all matters and proceedings within this Chapter 11 case, other than those particular areas that may be assigned to special counsel;

   b. To assist, advise and represent Applicant in any manner relevant to a review of its debts, obligations, maximization of its assets and where appropriate, disposition thereof;

   c. To assist, advise and represent Applicant in the operation, reorganization, and/or liquidation of its business, if appropriate;

   d. To assist, advise and represent Applicant in the performance of all of its duties and powers under the Bankruptcy Code and Bankruptcy Rules, and in the performance of such other services as are in the interests of the estate;

   e. To assist, advise and represent Applicant in dealing with its creditors and other constituencies, analyzing the claims in this case and formulating and seeking approval of a Plan of Reorganization.

5. Subject to the provisions of the Bankruptcy code, the Bankruptcy Rules, the Guidelines for Compensation and this Court's rules, Debtor proposes to pay the Firm for services at the Firm's rate of $695/hr. for all legal services and to reimburse the Firm for all costs, according to its customary reimbursement policies for attorneys' fees and costs.

6. The Firm is a small boutique firm with one attorney. The Firm is actively interviewing candidates for potential positions as attorney or paralegal. Thus, the Firm may expand in the near future.

7. I acknowledge that requests for compensation and reimbursement of expenses to the Firm shall comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, Bankruptcy Local Rules, and applicable Fee Guidelines. The Firm has not shared or agreed to share compensation with any entity except as among its attorney and, if appropriate, the Firm's (future)_ staff.

8. Attached as **Exhibit A** is a true and correct copy of Debtor's engagement agreement with counsel.

9. Attached as **Exhibit B** is the proposed order authorizing employment of counsel.

**Pre-Petition Retainer**

10. On or about August 13, 2024, the Firm first met the Debtor.

11. The Firm first rendered services on August 14, 2024.

12. The Firm and the Debtor signed a legal services agreement on August 19, 2024.

13. The Debtor paid a total pre-petition retainer of $50,000, paid as follows:

    a. August 20, 2024: $25,000

    b. August 27, 2024: $25,000

14. The Debtor filed its Chapter 11 case on August 29, 2024 (the "Petition Date").

15. Pre-petition, the Firm earned $11,356 and received payment from trust for fees and expense reimbursement $11,356. The unearned retainer balance as of the Petition Date was $38,644.00.

**Confirmation of Disinterestedness**

16. Having reviewed the filings in this case, as well as the current and former clients of the Firm, I believe that the Firm does not represent any interest adverse to the Debtor or its estate. Nor does the Firm hold any interest materially adverse to the interests of the Debtor or its estate. After diligent inquiry, I believe that the Firm is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

17. After diligent inquiry I believe neither the Firm, nor any of its attorneys, have any connection with the Debtor, any creditors of the estate, any party in interest, their attorneys or accountants, any judge of this Court, the United States Trustee, or any person employed in the office of the United States Trustee.

18. To the extent any clause of the fee agreement conflicts with U.S. Bankruptcy laws, I agree that U.S. Bankruptcy laws prevail.

19. This Declaration has been submitted simultaneously to the Office of the United States Trustee via ECF.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of September, 2024 at San Mateo, California.

/s/ Matthew D. Metzger
Matthew D. Metzger

# EXHIBIT A



Writer's Direct Contact:
Matthew D. Metzger
(415) 513-5980
mmetzger@belvederelegal.com

RED BAY COFFEE COMPANY, INC.
f/k/a Red Bay Coffee Company LLC
Attn: Kega Konte, Reg. Agent
3136 International Boulevard
Oakland, CA 94601

*Via email (keba@redbaycoffee.com)*

August 14, 2024

## CHAPTER 11 ENGAGEMENT AGREEMENT

This Agreement is between RED BAY COFFEE COMPANY, INC., a Delaware corporation, Debtor in Possessiofan ("RBC" and/or "Client") and Matthew D. Metzger of BELVEDERE LEGAL, PC (collectively "Attorney" or "Attorneys")[1].

1. Client hereby agrees and consents to allow Attorneys to provide representation and retains and employs Attorneys to represent it in a **Chapter 11 bankruptcy case - and/or Chapter 11, Subchapter V (at Client's election, if eligible)** - for the purposes of:

    1) Organizing and implementing an effective reorganization strategy for Ch. 11;
    2) Proposing and filing a Chapter 11 Plan of Reorganization
    3) Opposing any motions for relief from stay filed by creditors;
    4) Any and all additional matters necessary towards the prosecution of the Ch. 11 case.

   ("Initial Matter")

2. Representation may continue pursuant to the terms of this Agreement beyond the scope set forth above if mutually acceptable to the parties hereto and agreed to in a separately executed agreement in writing.

3. Client acknowledges that legal services be provided are the following

   - Prosecuting a Chapter 11 bankruptcy case and filing said case.

   - Organizing and implementing an effective reorganization strategy for Ch. 11.

   - Proposing and filing a Chapter 11 Plan of Reorganization.

---

[1] Matthew D. Metzger operates primarily as a sole practitioner but retains other attorneys on a contract basis, when needed. Subject to the Client's prior consent, the Firm reserves the right to retain additional attorneys or support staff to assist when needed.

- Preparing and filing Monthly Operating Reports with the help of a bookkeeper, if necessary (subject to Bankruptcy Court approval)

- Opposing any motions for relief from stay filed by creditors;

- Any additional matters necessary to the preservation of the Debtor's bankruptcy estate.

- If Client elects to file under Subchapter V of Chapter 11, Client understands that Client also will need to pay the court-approved fees of the Subchapter V Trustee.

4. Client acknowledges that legal services are NOT to be provided are the following

   - for anything outside the scope of the engagement in paragraph 3, above.

   - Tax advice of any kind. Client is further on notice that the settlement of any debt and order bankruptcy event can and will create tax consequences and Client should see a tax attorney for appropriate consultation.

   - Representation of Client's insider Keba Konte, the individual, in any individual matter. To the extent Keba Konte requires individual representation on individual matters, Keba Konte shall retain separate counsel.

5. Client hereby acknowledges that Attorneys have explained to Client, and Client understands that there are substantial risks associated with Client which include, but are not limited to:

   - Bankruptcy Laws require Client disclose all financial transactions going back as far as four (4) years, and possibly longer, especially if governmental tax claims exist. This will include transactions with all "insiders", who may be required to produce financial documents to creditors and interested parties in Client's Bankruptcy Case. Insiders include, but are not limited to, Client's family members and various corporations and other legal entities in which Client holds a substantial interest. Client and certain "insiders" will be required to produce cancelled checks, accounting and financial records, tax returns, and the like.

   - A Chapter 11 Plan can only be approved if the Court determines that all factors of Section 1129(a) of the Bankruptcy Code are satisfied **and** that one impaired creditor class affirmatively votes to approve the Plan. Section 1129(a) factors include but are not limited to:
     a) The plan complies with applicable provisions of the Bankruptcy Code (11 USC § 1129(a)(1));
     b) The plan proponent has complied with applicable provisions of the Bankruptcy Code (11 USC § 1129(a)(2));
     c) The plan is proposed in "good faith" and not by any means forbidden by law (11 USC § 1129(a)(3));
     d) All professional fees have been approved by the court or are subject to court approval (11 USC § 1129(a)(4));
     e) The plan discloses the identities of future management and insiders to be employed under the plan (11 USC § 1129(a)(5));
     f) The plan proponent has obtained regulatory approvals of any rate

       changes provided for in the plan, or rate changes are expressly conditioned on such approval (11 USC § 1129(a)(6));

g) Each class has accepted the plan or is not impaired by it (11 USC § 1129(a)(7), or the case is filed under SubChapter V, where non-consensual confirmation is possible – *see* § 1129(b);

h) the plan satisfies the "best interests of creditors" test (11 USC § 1129(a)(8));

i) The plan provides treatment for administrative claims (11 USC § 1129(a)(9));

j) The plan has been accepted by at least one impaired class (11 USC § 1129(a)(10), or the case is filed under SubChapter V, where non-consensual confirmation is possible – *see* § 1129(b);

k) The plan is "feasible" (11 USC § 1129(a)(11));

l) The plan provides for payment of court and U.S. Trustee fees (11 USC § 1129(a)(12));

m) The plan maintains certain employee retirement benefits (11 USC § 1129(a)(13));

n) The plan provides for payment of postpetition domestic support obligations due under order or statute (individual debtors) (11 USC § 1129(a)(14));

o) The plan provides that all transfers under the plan will be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust (i.e., nonprofit entities) (11 USC § 1129(a)(16)).

- Bankruptcy Laws require Client disclose all property both real and personal, wherever located and however titled, including property in other States and foreign countries.

- Bankruptcy Laws impose serious penalties (including criminal penalties of incarceration and substantial monetary fines) for failing to disclose property and other financial transactions.

- A Chapter 11 case cannot be dismissed without permission from the Bankruptcy Court on notice to creditors and interested parties, which will generally not be granted absent good cause and/or creditor consent. Attorneys have advised Client it is highly unlikely such good cause and/or creditor consent will be forthcoming; thus, once filed Client will be forced to remain in bankruptcy even if Client does not want to continue.

- Possibility of appointment of Chapter 11 Trustee and/or conversion to Chapter 7, resulting in Client's complete loss of control over bankruptcy case, and adverse relationship between such Trustee(s) and Client.

- Possibility of dismissal or conversion for failing to timely and properly comply with numerous administrative requirements in Chapter 11, including but not limited to appearing at Court hearings, and other meetings; cooperating with the U.S, Trustee and other Court officials and administrators, including the undersigned Attorney; filing complete, accurate and timely monthly operating reports; paying quarterly U.S. Trustee fees; cooperating with professionals retained by the Chapter 11 estate, such as accountants.

- Once a bankruptcy is filed Client will become a "debtor-in-possession". Client will owe a fiduciary duty to creditors to act in a manner that benefits creditors, even

when such actions are adverse to Client. Thus, in a Chapter 11, in addition to the duties owed to Client, Attorneys must also consider the interests of Client's Bankruptcy Estate and the Court.

- Income that Client obtains once a bankruptcy is filed is property of Client's bankruptcy estate until the Chapter 11 case is closed, dismissed or converted, as is money or other property received by way of gift or inheritance within six (6) months of the bankruptcy filing. Community property is also part of Client's bankruptcy estate.

6. **Compensation. Subject to prior Bankruptcy Court approval, Client agrees that Attorney shall be paid as follows:**

    - Client agrees to reimburse Attorney at the billable rate of **$695.00 per hour** for legal services related to the bankruptcy case and bankruptcy case preparation and for preparation of bankruptcy schedules used in pre-petition attempts at debt settlement work

    - Attorney's standard billable rate is normally $695.00 per hour, effective June 1, 2023. Attorney will seek reimbursement for these services on an interim basis as permitted by the Court.

    - Attorneys estimate total fees will not exceed $50,000.00; however, this is only an estimate and not a guarantee, as Attorneys' post-petition fees will vary depending on the amount of litigation necessary and the positions taken by creditors and parties to the case.

    - Attorneys cannot guarantee plan confirmation but will engage best efforts to confirm a plan and obtain issuance of a final decree within a reasonable period. If, after plan confirmation, additional legal work is required on Client's case, Client agrees to reimburse Attorneys at an hourly rate of $695.00 per hour for any additional legal services rendered in quantum meruit.

7. PRE-PETITION RETAINER: FIFTY THOUSAND DOLLARS ($50,000.00)

8. **Costs**. Subject to prior Bankruptcy Court approval and subject to the aforementioned Guidelines, and in addition to fees arrangement and cost retainer specified above, Client is responsible to pay for disbursements and certain other expenses incurred by the Attorneys as a result of our engagement. Attorneys take seriously their obligation to control these costs. Attorneys' charges to Client will be limited to Attorneys' actual direct and indirect costs. Client agrees to pay for all costs, disbursements and expenses paid or owed by Client in connection with this matter, or which have been advanced by Attorneys on Client's behalf and which have not been previously paid or reimbursed to Attorneys. Costs, disbursements and litigation expenses commonly include filing fees, court fees, jury fees, appraisal fees, service of process charges, court and deposition reporters' fees, photocopying and reproduction costs, notary fees, international telephone charges, messenger and other delivery fees, postage, deposition costs, travel costs including parking, mileage, transportation, investigation expenses, consultant, expert witness, professional mediator, arbitrator and/or special master fees and other similar items.

9. If a Creditors Committee is appointed to protect the interests of the general unsecured creditors, the fees and costs incurred by the Creditors Committee (including attorney's fees) must be paid as an administrative priority expense from the bankruptcy estate.

10. Subject to prior Bankruptcy Court approval and subject to the aforementioned Guidelines,

Client agrees to pay directly to appraiser any appraisal fees on Client's real property that Attorneys and Client deem necessary for pre or post-petition real property valuation.

11. If the Attorneys become entitled to an award of statutory attorney's fees (calculated at customary rates or other such amount as may be acceptable to the court), Client authorizes Attorneys to seek such fee(s) and agrees not to waive the right to collect statutory attorney fees. Entitlement to statutory fees shall not affect Client's obligations to pay non-costs under this agreement; however, statutory fees collected from third parties shall be credited against Client's obligation to pay non-costs. Taxes will be imposed as costs, and where required by applicable law.

12. Attorneys make no promises or warranties concerning the successful Chapter 11 reorganization of Client and/or confirmation of a Chapter 11 Plan. Attorneys have explained and disclosed to Client, and Client expressly acknowledges and understands, that Client may face serious and substantial obstacles and expected discharge litigation and interference with Client's Chapter 11 bankruptcy case. Attorneys have not promised or guaranteed that Client will receive a discharge. Any representations Attorneys may make during the course of these matters are statements of opinion only.

13. Specific Risks include but are not limited to the following: a potential requirement imposed by the Court that general unsecured creditors receive a 100% dividend should a creditor other party in interest object on the grounds of the "Absolute Priority Rule" and the Court finds that the "Absolute Priority Rule" applies in Client's case. If the case is filed under Subchapter V, the Absolute Priority Rule does not apply.

14. Attorneys have explained and disclosed to Client that Attorneys do not and cannot represent family members or any legal entities in which Client has an interest, due to the potentials for a conflict of interest. Client has been advised to tell such individuals and entities to retain separate counsel. Attorneys' sole duties are owed to RED BAY COFFEE COMPANY, INC., the Debtor-in-Possession.

15. Attorneys agree to perform the legal services called for under this Agreement, to keep Client informed of progress and developments, and to respond promptly to Client's inquiries. Attorneys will work cooperatively as between themselves.

16. Subject to prior Bankruptcy Court approval and subject to the aforementioned Guidelines, with Client's consent, Attorneys may utilize other attorneys, appraisers, paraprofessionals or office support staff in connection with Client's representation ("additional professionals"). Attorneys may also consult with colleagues, professionals and other persons outside their offices in connection with the rendering of legal services in an effort to enhance Client's representation. Client agrees to cover all fees and costs associated with Attorneys' employment of additional professionals or paraprofessionals. And charges owed to an employed professional or paraprofessional shall fall under the category of a "Costs" and be so treated.

17. In particular, to assist with the preparation of monthly operating reports, and subject to court approval, attorneys may employ a bookkeeper, if Client is unable to timely prepare monthly operating reports. Client agrees to pay all costs and fees charged by Attorney's bookkeeper.

18. Client agrees to be completely truthful and cooperative with Attorneys, follow Attorneys advice, and keep Attorneys informed of any matters relevant to Attorneys representation. Attorney must rely upon information supplied by Client. If the information is inaccurate or incomplete, it may result in serious and harmful consequences.

19. Attorneys and Client will rely upon electronic communications such as e-mail, cellular telephones and electronic faxes (collectively "Electronic Communications") in their day-to-day business communications. Because of their nature, Electric Communications are not as secure as more traditional lines of communications. Accordingly, Client understands that some risks exist that Electronic Communications, (including but not limited to matters of particular sensitivity or information that could be compromising or damaging to Client), could be intercepted by an unauthorized third party, and Client hereby accepts that risk. Therefore, notwithstanding such potential security risks, in the course of our representation of Client, Electronic Communications for all general information request, and otherwise, are hereby authorized by Clients. To facilitate the use of Electronic Communications, Client hereby acknowledges that each contact person with whom Attorneys will be directly working has the authority to specify the use of Electronic Communications for such matters. Attorneys are authorized by Client to consider a request for, or communication of, information from the Client by Electronic Communication as specific consent to respond similarly by Electronic Communications.

20. The undersigned parties specifically agree that if any action or dispute relating to, or arising from this Agreement occurs, including but not limited to the services to be provided hereunder or pertaining to the expectations of professional conduct, that they will cooperate and make a reasonable and good faith effort to informally resolve such dispute before any action may be initiated regarding such dispute. Should such efforts fail any such dispute shall be resolved via Order of the Bankruptcy Court.

21. Client acknowledges receipt of a copy of this Agreement and an opportunity to review it and ask questions about it before signing it. Attorney has provided Client with the opportunity to have this Agreement reviewed by the attorney of his choice before signing it.

22. Client and Attorneys agree that Attorneys first began providing legal services to Client on **August 14, 2024.**

23. Duty of Cooperation: Client agrees to cooperate fully with Attorney on all matters, including prompt notification of any correspondence received from any creditors related to Client's estate, including but not limited to Notices of Default, Notices of Sale, and any other creditor litigation.

24. Notice on Attorney's Application for Employment: Attorneys' employment is not official until approved by the Court, pursuant to an employment application. Attorneys will need to file this fee agreement to the Court for review as part of the employment application.

25. Notice re pre-petition disclosures: For a Debtor with primarily consumer debt, all payments made to creditors within the 90 days immediately preceding filing must be closed if the aggregate of all payments to an individual creditor exceeds $600.00. For a corporate debtor, the disclosure threshold is $7,575. In addition, Client must disclose to Attorneys any and all payments made to insider (family members, business partners) within the last two (2) years.

26. Notice re presumptions: Debtor agrees to not do any cash advances or purchase luxury goods in the 90 days before filing, and/or to disclose to Attorneys any such transactions, as the bankruptcy code contains a rebuttable presumption that such transactions are fraudulent and subject to a nondischargeability adversary proceeding.

27. The filing of a bankruptcy petition and the potential discharge of debts can create tax consequences.  Client is advised and Attorneys recommend that Client meet separately with a tax attorney to discuss any and all consequences of a bankruptcy filing on Client's tax obligations.   Attorneys do not give tax advice.

28. It is intended that this Agreement be binding in its entirety but if any provision shall be determined to be invalid or unenforceable as written under applicable laws, regulations or rules of professional conduct, that portion shall be reformed and/or construed and/or interpreted as nearly as possible to reflect the original intentions of the agreement without offending said expectation(s) and the remaining portions will remain in full force and effect. If the contemplated purpose of any provision of this engagement be held unlawful, void, or for any reason unenforceable to the extent such reformation, construction or interpretation is impossible, this Agreement shall be deemed amended to delete such provision and the remainder shall be enforceable by its terms.

29. Client may seek the advice of an independent lawyer of Client's own choice before agreeing this engagement agreement. By signing below, Client represents and agrees that Client has had a reasonable opportunity to consult such an independent lawyer and whether or not Client has chosen to consult such an independent lawyer, Client understands and agrees to all provisions contained in this agreement.

30. Client understands that Client may not use any cash collateral without prior court approval and/or stipulation by interested parties.  Cash collateral includes rental income from properties.  As soon as client's case is filed, secured creditors, pursuant to applicable loan documents, may have assignment of rents clauses in those documents, giving said creditors a right to all rental income.  Thus, Client must either obtain a stipulation from creditor for use of cash collateral or obtain a court order authorizing use of cash collateral as part of the first-day motions.  Failure to abide by this bankruptcy rule can and avoid does lead to dismissal or conversion of a Chapter 11 case.

31. Clients understands that fee agreement will be filed with the Court as part of Attorney's application for employment.  The Court must enter an order approving Attorney's employment on behalf of the estate before Attorneys are official employed.

The signatures below confirm and affirm an understanding and agreement to the terms above.

8/19/2024

Dated: August ____, 2024

**RED BAY COFFEE COMPANY, INC.**

*/s/ keba konte*
9D477748A0D64BB...

Keba Konte
Chief Executive Officer

8/19/2024

Dated: August ____, 2024

**BELVEDERE LEGAL, PC**

*Matthew Metzger*
922C08814C0D4DA...

Matthew D. Metzger
Its President

-7-

# EXHIBIT B

MATTHEW D. METZGER (#240437)
mmetzger@belvederelegal.com
**BELVEDERE LEGAL, PC**
1777 Borel Place, Ste 314
San Mateo, CA 94402
t. (415) 513-5980
f. (415) 513-5985
e. mmetzger@belvederelegal.com

Proposed Attorney for Debtor-in-Possession
Red Bay Coffee Company, Inc.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re<br><br>**RED BAY COFFEE COMPANY, INC.**<br>  *f/k/a* **Red Bay Coffee Company LLC**<br><br>EIN 46-5183215<br><br>Debtor. | Case No. 24-41317 WJL 11<br><br>Chapter 11<br><br><u>**ORDER AUTHORIZING**</u><br><u>**EMPLOYMENT OF COUNSEL**</u><br><br><br>**Date:**<br>**Time:**<br>**Place:** In person, with option to appear via Zoom Webinar/AT&T Teleconference<br>1300 Clay Street,<br>Courtroom 220<br>Oakland, CA 94612<br><br>**Judge:** Hon. William J. Lafferty, III |

On September 4, 2024, Debtor filed an *Application to Employ Counsel* (the "Application") (Dkt. # 15). There being no opposition, and for good cause shown, the Court hereby ORDERS as follows:

1. Debtor is authorized to employ Matthew D. Metzger and his firm ("Counsel") as general bankruptcy counsel.

2. The effective date of employment is September 4, 2024 – the date that the Debtor filed the Application.

3. Counsel shall place the unearned balance of any initial retainer in Counsel's trust account. Notwithstanding any agreement to the contrary, fees may not be considered earned until work is performed at Counsel's normal hourly rate. Counsel may draw funds out of the trust account as they are earned for services benefitting the estate only. No order of Court is necessary.

4. Counsel shall accept no further funds from Debtor beyond the initial retainer without an authorizing court order.

5. Under no circumstances shall Counsel represent Debtor personally where such representation is contrary to the interests of the bankruptcy estate.

6. Counsel may represent Debtor personally in matters which do not benefit the estate, so long as such matters are not contrary to the interests of the bankruptcy estate, such as defending Dischargeability actions or avoiding a lien on exempt property.

7. Counsel may not use retainer funds to pay for the services described in paragraph 5 above. Counsel may seek compensation for such services in a fee application, provided the services are segregated and properly identified. Fees may be awarded for such services where the Court finds that the services contributed to a successful reorganization or the fees will not be paid by the estate.

8. All funds paid to Counsel in connection with the representation approved pursuant to this order are subject to review and final approval by the Court.

9. Any terms contained in Counsel's engagement agreement with the Debtor that are contrary to the Bankruptcy Code or Rules are void.

10. Counsel shall file applications for approval of fees and expenses in accordance with 11 U.S.C. §§ 326-331 (as applicable); Fed. R. Bankr. Proc. 2016(a), 2002(a), (c), and (k); B.L.R. 9014-1(b)(1); and the Northern District's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (available on the court website at http://www.canb.uscourts.gov/). Fee applications that do not comply with the foregoing authority may be denied.

11. The terms of this order may be modified only upon notice to all creditors and the U.S. Trustee, and only after an actual hearing, regardless of whether there is any opposition.

**\*\* END OF ORDER \*\***

COURT SERVICE LIST